JOHNSON, REVENUE AGENT, *v.* RICHEY LAND IMPROVEMENT & MFG. CO. ET AL.

[88 South. 634, No. 21881.]

1. APPEAL AND ERROR. *Judgment re-establishing lost court record held "final judgment," and appealable.*

A judgment of a circuit court re-establishing a lost record in a cause theretofore pending in that court, but in which a final

judgment had been rendered, the proceeding to re-establish such lost record being under the provisions of section 3173, Code of 1906 (section 2514, Hemingway's Code), is a final judgment, and under the provision of section 33, Code of 1906 (section 8, Hemingway's Code), giving the right of appeal to the supreme court "from any final judgment of a circuit court in a civil cause," an appeal may be taken therefrom to the supreme court.

2. Trial. *Cause to re-establish lost court record held erroneously set at first term.*

In such a cause that part of section 783, Code of 1906 (section 566, Hemingway's Code), which provides that the issues of fact in a civil cause shall not be tried before the next succeeding term to which the cause is brought without the consent of the parties, except in actions in which the defendant has been personally served with process for thirty days before the return day, applies; therefore it was error in the court below to try said cause at the first term, because less than thirty days had intervened between the service of the process on the appellant and the return day thereof, such a cause being governed by the same course of procedure as other civil causes in the circuit court.

Appeal from circuit court of Washington county.

Hon. S. F. Davis, Judge.

Suit by the Richey Land Improvement & Manufacturing Company and others against J. C. Johnson, Revenue Agent. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*Stokes V. Robertson,* for appellant.

Section 2514, Hemingway's Code, section 3173, Mississippi Code of 1906, outlines the procedure by which court records must be re-established in this state. Among other things this section provides: Process shall issue as in other cases and unknown non-resident defendants may be made parties by publication as in chancery.

A careful consideration of this section is requested. Such a careful reading will disclose that this proceeding to re-establish records is to be conducted as other cases in the court in which the record is to be re-established.

Section 566, Hemingway's Code, section 783, Mississippi Code 1906, expressly provides: "But such issue of fact shall not be tried before the next succeeding term without consent of parties, except in actions in which the defendant has been previously served with process for thirty days before the return date.

This section applies to all cases in the circuit court. There are exceptions to the provisions above shown but these exceptions are clearly set forth in the said section. The exceptions are: 1. Actions to enforce mechanic's liens; 2. Actions commenced by attachment; 3. Actions of replevin. These are the only exceptions.

The process for Stokes V. Robertson, State Revenue agent, the defendant to the Belzoni Land Company's petition for re-establishing this record, was issued May 20, 1920, returnable the first Monday in June, 1920, and was a summons to answer the petition of Belzoni Land Company. This process was served May 27, 1920, just eleven days before the return day thereof.

The Revenue Agent's answer set up issue of fact. These issues were that the papers attached to the land company's petition were not copies of the record in the case; and that Mr. J. C. Johnston, the ex-revenue agent, who filed this assessment had since died and that his heirs are interested in the said matter to the extent of his commissions; and that the state of Mississippi, the Mississippi Levee District, and the county of Washington, were likewise interested parties.

The judgment of the court shows that the case was not tried by consent; but on the contrary the defendant made strong protest and objection to going to trial as is shown by a copy of the defendant's letter, to the judge of the circuit court of Washington county, which is shown in Tr., pages 32, 33, and 34.

Petition for an appeal from the final order of the circuit court of Washington county re-establishing this record was presented to Judge ETHRIDGE of the supreme court; and this appeal with *supersedeas* was granted

by Judge ETHRIDGE, under section 4908 of the Mississippi Code 1906. This section provides that: the judges of the supreme court may severally .. . . allow an appeal, and if necessary, a *supersedeas,* from the final judgment of any circuit court, or the final decree of a chancery court or in any other case in which an appeal is given at any time in which an appeal may be allowed by law.

Appellee contends that this appeal was improperly granted, that this is not the class of cases in which appeals are allowed by law, and that in any event the appeal cannot operate as a *supersedeas.* Section 33 of the Mississippi Code of 1906, provides that an appeal may be taken to the supreme court from any final judgment of a circuit court in a civil case.

The judgment of the circuit court of Washington county re-establishing this record in accord with the land company's petition was a final judgment. An appeal may be taken from an order granting or denying an application to restore or supply, a lost or destroyed record. 34 Cyc. page 610; *Shiver* v. *Shiver,* 45 Ala, 349; *Buckman* v. *Whatney,* 38 Cal. 555.

It became necessary for this court to pass on the questions involved in this cause in deciding the cause No. 21, 548, *Belzoni Land Company* v. *Stokes V. Robertson, State Revenue Agent.*

We are not advised what reasons were announced by the chancellor for his decree nor what his opinion was as to the various questions that arise in the case. At the threshold of the appellant's case is the question as to whether the record re-established by the circuit court from which an appeal was prosecuted with *supersedeas* is admissible in evidence in this case. We are not impressed with the argument that a judge of the supreme court has no power to grant an appeal or to grant a *supersedeas.* The statute expressly empowers judges to grant a *supersedeas.* The statute expressly empowers the judges to grant such appeals and also the power to grant *supersedeas.* Section 4908, Code of 1906, section 3186, Hemingway's Code.

The appeal and the *supersedeas* are directly pertaining to the jurisdiction of this court, because judgment having been rendered and an appeal lying from final judgments of the circuit and chancery courts. 34 Cyc. 610, and authorities cited.

We respectfully submit that this case should be reversed and remanded.

*J. M. Cashin,* for appellee.

This is an appeal prosecuted by Stokes V. Robinson, State Revenue Agent, from an order of the circuit court of Washington county, made at the June Term, 1920, thereof, re-establishing the lost records of said court in the above styled case.

It is respectfully submitted on behalf of the appellee that this order of the circuit court is not a final judgment, within the purview of section 33 of the Code of 1906, section 8 of Hemingway's Code, which is as follows: "An appeal may be taken to the supreme court from any final judgment of a circuit court in a civil case, not being a judgment by a confession or from any final decree of the chancery court; not being by consent by any of the parties or legal representatives of such parties; but such appeal shall operate as a *supersedeas* only when the party applying for the same shall comply with the terms hereinafter prescribed; and in no case shall such appeal be held to vacate the judgment or decree."

No appeal from such an order is allowed by the statute, and if an appeal is allowable at all, then it is only allowable under the sections of the Code, above quoted, allowing appeals from the final judgment of the circuit court in a civil case.

In order to determine whether an appeal is allowable under these sections of the Codes, it is only necessary to determine whether the order of the circuit court of Washington county re-establishing its lost records in the above styled case is a final judgment against Stokes V. Robert-

son, State Revenue Agent, within the purview of said sections. It is respectfully submitted that said order is not a final judgment against Stokes V. Robertson or against anyone else. It is merely an order re-establishing its lost records in this above styled case, upon the petition of the Belzoni Land Company, a party interested in having the same re-established, for the purpose of using the same as evidence in a suit pending against it, and is not a judgment against the revenue agent, or anyone else. It is true, he was notified of the pendency of the petition and had a right to answer it, because the statute so provides, he being interested in the re-establishment of said record. A judgment is defined to be the action of the court, ascertaining some act to be done, or foregone by a party. *Sullivan* v. *Thomas,* 329 (3 Rich.) 531-546.

A judgment is a determination by the court of the matters in issue in the particular case, as to whether a liability does, or does not exist. *Mining Company* v. *First National Bank,* 52 Pac. 678, 24 Col. 537.

As commonly understood, the judgment is in favor of one party against another, for the recovery of money or property, or requiring one party to do, or refrain from doing some particular act. It is clear that the order appealed from in this case is not a judgment within the definitions above quoted. That order does not require the revenue agent, or any other person to do or refrain from doing anything whatsoever. It merely re-establishes a lost record of the court. This is a power inherent in all courts, from the beginning of jurisprudence, and is a power inherently necessary to preservation and existence of the courts. When a court once adjudges that a lost record has been supplied and re-established, every person affected by such record is concluded by that order. It is true, that the statute provides that before a record can be re-established, every person interested therein shall be notified of the petition to re-establish the record and be given an opportunity to see that the record is properly established and substituted. But nowhere, is any party to

such a petition, either the petitioner or any other person, given by the statute, a right of appeal from the order reestablishing such record.

It is true, that the text of 34 Cyc. 610, reads: "An appeal may be taken from an order granting or denying an application to restore or supply a lost or destroyed record, but an examination of authorities quoted, will show that this statement of the text, is based upon statutes expressly allowing appeals from such orders. In *Alabama Railroad Company* v. *Ventress,* 149 Ala. 658, 42 So. 1017, it is held that there is no right of appeal from an order granting or denying an application to restore or supply a lost or destroyed record, in the absence of statute, and that under the Alabama statute permitting the appeal in cerain cases, there is no right of appeal where the order made in a pending cause, the statute not providing for, or allowing an appeal in such causes.

This case is exactly in point. It holds expressly that no appeal lies from such an order unless it is expressly granted by statute. No appeal from such an order is expressly granted by our statute.

I do not think the petition to restore a lost record is a cause or action against any person, within the meaning of section 783, of the Mississippi Code of 1906, Section 566, Hemingway's Code, which provides that "an issue of fact shall not be tried before the next succeeding term without the consent of parties except in actions in which the defendant has been previously served with process for thirty days before the return day, certain actions excepted. See the definitions of Action, on pages 128 and 129, et seq. of Vol. 1, "Words & Phrases."

But whether this be correct or not, the judgment of the court does not show that the case was not tried by consent, even if the copy of the revenue agent's letter to the circuit judge of Washington county is properly a part of the record. That in itself would not show the petition was not heard by consent. The order recites that the testimony was taken and heard by the court and for all

that appears to the contrary, it may be that on the trial
of the case, the revenue agent appeared and offered his
testimony and consented to the trial of the petition on
the day it was tried.   The order recites that the petition
was heard upon testimony.   The order was entered nearly
a year ago.   No notice was ever given to the stenographer
by the revenue agent to transcribe his notes of the testimony
taken on the trial, so that the same could become part of
the record in this case, and consequently the court has no
means of determining what this testimony was, nor
whether the order is proper or not.

In *Bouge Hasty Drainage District* v. *Nappanee Planta-
tion Company*, 118 Miss. 493, the chancellor allowed and
granted an appeal from an order made by him requiring
the drainage district to pay one thousand, six hundred
and seventy dollars for lands taken by the drainage dis-
trict, for the purpose of constructing its drainage system,
such order was held to be not a final judgment or decree,
within the meaning of section 8, Hemingway's Code, and
that no appeal was expressly allowed by the statute, and
consequently the appellee's motion in that case to dis-
miss the appeal was sustained, and said appeal was dis-
missed.

But whether correct or not in the contention that no
appeal lies in a case of this kind, no part of the testimony
taken on the hearing of the petition, being shown by the
record, the court will be unable to determine whether the
order of the circuit court in substituting the record was
heard by consent of the revenue agent nor whether said
order is correct or not.

It is therefore respectfully submitted that the appeal
should either be dismissed, or the order appealed from
affirmed.

ANDERSON, J., delivered the opinion of the court.

This is a proceeding by the appellee, the Belzoni Land
Company, begun in the circuit court of Washington coun-

ty, against appellant, the present state revenue agent, under section 3173, Code of 1906 (section 2514, Hemingway's Code), to re-establish the lost record of the proceedings (other than the judgment) in a cause in said court of the same style as this—in fact, the same case—in which a final judgment had been rendered in 1915. There was a a judgment to re-establish the record as asked for by the appellee, from which appellant prosecutes this appeal.

There are two questions presented for the consideration of the court: First, whether the judgment of the court below is such a judgment as may be appealed from under our statute; second, if an appeal is allowed, whether or not the court below erred in trying the cause without the consent of appellant, in view of the fact that process had not been served on appellant for as much as thirty days before its return day. These questions arise out of the following state of facts:

In the early part of 1915, J. C. Johnson, the predecessor in office of appellant, instituted proceedings under section 4740, Code of 1906 (section 7058, Hemingway's Code), to back-assess appellee, a corporation under the laws of this state, for the years 1909 to 1914 inclusive. The board of supervisors made an order refusing to approve such back assessment by the revenue agent, from which action of the board the revenue agent appealed to the circuit court. At the December term, 1915, of the circuit court, there was a trial of this appeal, and a final judgment entered reversing the judgment of the board of supervisors, and back-assessing the capital stock of appellee for taxes at thirty thousand dollars for the years 1909 to 1914 inclusive.

The taxes based on such assessment not having been paid, the appellant, the present State Revenue Agent, in July, 1918, filed a bill in the chancery court of Humphreys county against appellee, for the purpose of collecting same. In the meantime, the record of the proceedings, except the final judgment, in said cause in the circuit court had been lost; and counsel for appellee, conceiving that said

record would be required for the purpose of evidence in the trial of said chancery cause, on the 20th of May, 1920, filed a petition in this cause in the circuit court of Washington county, wherein a final judgment had been rendered as above set out, setting up the loss of said record, the necessity for its re-establishment for use as evidence in said chancery court cause, with which petition there was exhibited what was alleged to be a substantial copy of said lost record, and praying for an order of court re-establishing said record. As required by the statute (section 3173, Code of 1906 [section 2514, Hemingway's Code]) process on this petition was issued and served on the appellant as the opposite party in interest. It was issued on May 20, 1920, returnable to the June term, 1920, of the circuit court of Washington county, which, under the law, convened the first Monday in June—there-fore, in that year, on the 7th of the month—and was served on appellant May 27th, less than thirty days before the return day thereof.

On the return day appellant filed an answer to said petition, denying some of its material allegations, and setting out wherein same were untrue. During said circuit court, and on June 15, 1920, without the consent of appellant, a trial of said cause was had, resulting in a judgment re-establishing said lost record, as prayed for by appellee.

We will first consider the question whether, under the law, there is any appeal from such a judgment. Chapter 91, Code 1906 (chapter 47, Hemingway's Code), is devoted exclusively to the subject of the re-establishment of lost, stolen, or destroyed records. Sections 3173 to 3176, inclusive (sections 2514, to 2517, inclusive, Hemingway's Code) of that chapter provide for the re-establishment of lost, stolen, or destroyed court records. Section 3173, Code of 1906 (section 2514, Hemingway's Code), provides as follows:

"Whenever the records of any court, or any portion thereof, shall be stolen, lost or destroyed, the same may be

substituted or re-established. Any person interested therein may file a petition, under oath, in the court the record of which is sought to be substituted or re-established, making all persons having an interest therein parties thereto. The petition must show the former existence of the record, its date and the date of the respective parts thereof as near as can be; it must disclose the interest of the parties and the loss or destruction or theft, and must be accompanied by what the petitioner shall aver to be a copy of the record, in all material particulars which is sought to be re-established. Process shall issue as in other cases, and unknown and nonresident defendants may be made parties by publication, as in chancery. The defendant shall answer the petition, under oath, on the return day, if he controvert the same, and shall specify definitely the particulars, if any, in which the alleged copy is incorrect, and shall file copies of all portions of the record which he may charge to have been omitted. The court shall hear the evidence and the witnesses, *ore tenus* or by depositions, and shall find the facts and adjudge or decree accordingly. It may cause such amendments and alterations to be made in the alleged copies as may be proper, and, when amendments are so made, an engrossed copy shall be prepared under the direction of the court, and the same shall be filed and become to all intents and purposes the record."

And section 3175, Code of 1906 (section 2516, Hemingway's Code), provides:

"If the record lost, destroyed or stolen be that of a pending suit, or a part thereof, process on the petition for its substitution may be returnable on any day of a term of court, and it may be served on the attorney of the party defendant to the petition; but in such case the plaintiff or complainant if he so elect, may bring another suit on the same cause of action."

It will be observed that all persons having any interest are required to be made parties, on whom process is to be

served as in other cases; and unknown and nonresident defendants may be made parties by publication as in chancery; and evidence is heard on the trial from the witnesses *ore tenus* or by depositions, and judgment rendered accordingly. And if it is a record sought to be re-established in a pending cause, process on the petition may be made returnable on any day of a term of court.

The proceeding here is to re-establish a lost record in a case already finally determined—a case in which the circuit court had, some years prior, rendered a final judgment. This is a new and independent proceeding from the original cause. The pleadings and issues raised thereby are entirely different. It is as much an original cause as was the cause out of which it grew; and the judgment of the court is as much a final judgment as the judgment rendered in that cause. Section 33, Code of 1906 (section 8, Hemingway's Code), provides that— "An appeal may be taken to the supreme court from any final judgment of a circuit court in a civil case, not being a judgment by confession, etc."

In our opinion, the judgment in this case is such a judgment as this statute allows an appeal from, because it is a final judgment in a civil cause.

The remaining question is whether the cause could have been tried under the law, at the first term of court, without the consent of appellant (as was done), in view of the fact that appellant had not been served with process for as much as thirty days before the return day thereof.

The purpose of section 783, Code of 1906 (section 566, Hemingway's Code), was to abolish in part what was known as the imparlance term in the circuit courts. Among other things it provides:

"But such issue of fact shall not be tried before the next succeeding term without consent of parties, except in actions in which the defendant has been personally served with process for thirty days before the return day."

We are unable to see why a cause of this character should not be governed by the same course of procedure as other civil causes in the circuit courts. There is nothing in the statutes providing for the re-establishment of lost records to the contrary. In fact, they seem to contemplate the same practice and procedure (except as to service and return of process in a case to re-establish a record in a pending suit) as in other causes in those courts. Section 3173, Code of 1906 (section 2514, Hemingway's Code), expressly provides that process shall issue as in other cases, and the defendant shall answer the petition on or before the return day.

In the 'opinion of the court, it was error for the court below to try this cause at the return term, without the consent of appellant.

*Reversed and remanded.*